

Laura K. Deskin
Troy Cowin
*Assistant Federal Public Defenders*
215 Dean A. McGee Drive, Suite 109
Oklahoma City, Oklahoma 73102
405-609-5930
Attorneys for Angel Luis Garcia-Navedo

# In the United States District Court
## For the Western District of Oklahoma
### Honorable Patrick R. Wyrick

| | | |
|---|---|---|
| **United States of America,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. CR-23-329-PRW** |
| **v.** | ) | |
| | ) | **Motion to Dismiss** |
| **Angel Luis Garcia-Navedo,** | ) | **Indictment** |
| | ) | |
| **Defendant.** | ) | |

## Introduction

The Defendant, Angel Garcia-Navedo, moves the Court to dismiss the Indictment. Count One charges Garcia-Navedo with making a false statement during the purchase of a firearm in violation of 18 U.S.C. § 922(a)(6) by falsely representing he was not subject to indictment or information. Count Two alleges Garcia-Navedo illegally received a firearm while under indictment in violation of 18 U.S.C. § 922(n). Garcia-Navedo asks the Court to dismiss both counts.

Count Two is unconstitutional under the Second Amendment. If Count Two is unconstitutional, Mr. Garcia-Navedo cannot be found guilty under Count 1 by falsely stating he was not under indictment or information as any such statement would be rendered immaterial under § 922(a)(6).

## Statement of Facts

Mr. Garcia-Navedo has no prior criminal record except for a pending 2022 felony case in Jackson County District Court in the State of Oklahoma alleging first degree rape and sexual battery against his wife.[1]

Sometime after this information was filed, Mr. Garcia-Navedo went to AEC Outdoors, a licensed firearms dealer in Altus, to try to purchase a gun.

---

[1] *See* Ex. 1 (Amended Information).

He filled out the requisite "Firearms Transaction Record" (ATF Form 4473).[2]

The form asks the applicant:

> *Are you under indictment or information in any court for a felony, or any other crime for which the judge could imprison you for more than one year, or are you a current member of the military who has been charged with violation9s) of the Uniform Code of Military Justice and whose charge(s) have been referred to a general court martial?[3]*

To this, Garcia-Navedo answered "no." This was untrue. There is no allegation he made any other false statement. The store sold him a rifle.

The government later discovered the false statement. He was then indicted in the instant case for making this false statement in violation of § 922(a)(6), and for receiving a firearm while under indictment.

The government requested Garcia-Navedo be detained pending trial. On June 29, 2023 Magistrate Judge Suzanne Mitchell held a detention hearing and saw fit to release Garcia-Navedo on $5,000 unsecured bond.[4] He remains out of custody.

---

[2] *See* Ex. 2 (redacted ATF Form as filled out by Defendant).

[3] *Id.* at 1 (Question 21(d)).

[4] Doc. 23.

**Argument**

I.     **Count Two should be dismissed because 18 U.S.C. § 922(g)(n) is unconstitutional, both on its face and as applied.**

This Court has already held that application of § 922(n) violates the Second Amendment under the analytical framework established in *New York State Rifle and Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111 (2022). *United States v. Stambaugh*, 641 F.Supp.3d 1185 (W.D. Okla. 2022) (Case No. CR-22-218-PRW-2, Doc. 58). The Court's analysis was as applied to Mr. Stambaugh, a person who was under indictment for a non-violent felony (larceny). Mr. Garcia-Navedo is under indictment for first degree rape and sexual battery, both felonies of a far different character than larceny.[5] Nevertheless, like Mr. Stambaugh, Garcia-Navedo is merely under indictment. And, like Mr. Stambaugh, Garcia-Navedo was released on unsecured bond by a United States magistrate judge despite the United States' argument that he should be detained.

The mere fact of Garcia-Navedo's felony indictment cannot deprive him of his Second Amendment right to carry (and receive) a firearm for self-defense. His actions in so doing are presumptively protected. *Bruen*, 142 S.Ct. at 2129–30. That presumption is only overcome if the government can meet its burden

---

[5] The State of Oklahoma charged Garcia-Navedo by information, which meets the federal definition of "indictment" under 18 U.S.C. § 921(a)(14).

to demonstrate that § 922(n) is "consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2130.  Anyone under indictment is presumptively innocent. And Garcia-Navedo is on pretrial release. A magistrate judge has concluded that, among other things, "the nature and seriousness of the danger to any person or the community that would be posed by [Garcia-Navedo's] release" warranted release. 18 U.S.C. § 3142(g)(4) ("The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account . . . the nature and seriousness of the danger to any person or the community that would be posed by the person's release."); *see also Stambaugh*, 641 F.Supp.3d at 1188 (and citing to same).

The ball is now in the government's court. Mr. Garcia-Navedo will ask for leave to file a reply to any arguments put forward by the United States in attempting to meet its burden.

## II.    Count One should be dismissed because the required element of materiality under § 922(a)(6) cannot be met.

If the Court finds § 922(n) unconstitutional, then any statement made by Garcia-Navedo concerning the existence of the state indictment is immaterial. If Count 1 is dismissed for unconstitutionality, then Count 2 must be dismissed for immateriality.

Section 922(a)(6), in relevant part, makes it a crime for anyone to knowingly make a false statement intended to deceive a firearms dealer "with respect to any fact *material to the lawfulness* of the sale." 18 U.S.C. § 922(a)(6) (emphasis added). The materiality of the alleged false statement is an essential element of § 922(a)(6). *See Abramski v. United States*, 573 U.S. 169, 191 (2014). The Tenth Circuit pattern jury instructions provide that a "material fact" is "one which would affect the legality of the transfer of the firearm from the dealer to the defendant." 10th Cir. Crim. Pattern Jury Instructions, § 2.42 (2021 ed.). If being under indictment is not a lawful reason to deprive one of firearm ownership, it follows that a statement to the contrary (true or false) cannot affect the legality of the transfer of the firearm to the defendant—i.e., it does not meet the definition of "material fact." If the statement is not a material fact, then it is not a crime under (a)(6). Accordingly, Count 1 should be dismissed.

## Conclusion

This Court has previously found § 922(n) to be unconstitutional under circumstances akin to the defendant's. Following *Stambaugh*, this Court should find § 922(n) unconstitutional as applied to Garcia-Navedo.

Not only is § 922(n) unconstitutional as applied, it is unconstitutional in all its iterations. To deprive a person of one's Second Amendment right merely for being accused of a crime is not consistent with this Nation's history and

tradition of firearm regulation.

Because § 922(n) is unconstitutional, so is the violation of § 922(a)(6) alleged in the indictment. Garcia-Navedo represented he was not under information or indictment. This was untrue. A false statement is only criminal under (a)(6) if it is material to the legality of the firearm transfer. And whether he was under information or indictment is immaterial to the legality of the transfer when it is unlawful to deprive him of a firearm for being so accused.

Accordingly, Counts One and Two—the entirety of the indictment—must be dismissed.

Respectfully submitted,

/s/ *Laura K. Deskin*
Laura K. Deskin, OBA No. 30371
Assistant Federal Public Defender

/s/ *Troy Cowin*
Troy Cowin, OBA No. 22534
Assistant Federal Public Defender
Office of the Federal Public Defender
Western District of Oklahoma
215 Dean A. McGee, Suite 109
Oklahoma City, OK 73102
(405) 609-5930
Laura_Deskin@fd.org
Troy_Cowin@fd.org
*Counsel for Defendant*

## Certificate of Service

I hereby certify that on September 14, 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic filing to: Danielle Connolly, Assistant United States Attorney.

s/ *Laura Deskin*
LAURA DESKIN