IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-23-329-PRW |
| | ) |
| ANGEL LUIS GARCIA-NAVEDO, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Before the Court is the United States' Motion for Leave to Dismiss Count 2 Without Prejudice (Dkt. 56), seeking leave of Court to dismiss Count Two of the Indictment (Dkt. 26) against Defendant Angel Luis Garcia-Navedo without prejudice. Defendant has filed no Response. Rule 48(a) of the Federal Rules of Criminal Procedure provides that prior to trial "[t]he government may, with leave of court, dismiss an indictment"—or one or more counts of an indictment—in a criminal case.[1] "Requiring the government to obtain leave of the court to dismiss an indictment serves two purposes."[2] The principal purpose is "to protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection."[3] The secondary purpose is "to allow courts to consider public interest, fair

---

[1] Fed. R. Crim. P. 48(a); *see United States v. Delagarza*, 650 F.2d 1166, 1167 (10th Cir. 1981).

[2] *United States v. Strayer*, 846 F.2d 1262, 1265 (10th Cir. 1988).

[3] *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977) (per curiam).

administration of criminal justice and preservation of judicial integrity when evaluating motions to dismiss."[4] "A court is generally required to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is clearly contrary to manifest public interest."[5]

The Court finds that protection of Defendant from prosecutorial harassment is not an issue, as Defendant has not opposed the motion.[6] And based on the Government's representations in the Motion (Dkt. 56), the Court further finds that dismissal without prejudice is not clearly contrary to manifest public interest.

Accordingly, the Court **GRANTS** the United States' Motion (Dkt. 56) and **DISMISSES WITHOUT PREJUDICE** Count Two of the Indictment against Defendant Garcia-Navedo (Dkt. 26). For the reasons discussed at the Motions Hearing held on December 19, 2023, Count One—the remaining 18 U.S.C. § 922(a)(6) charge—does not stand or fall with Count Two. Defendant Garcia's Motion to Dismiss Indictment (Dkt. 32) is therefore **DENIED**. The case is hereby **RESET** on the Court's March 2024 Trial Docket.

**IT IS SO ORDERED** this 5th day of February 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[4] *Strayer*, 846 F.2d at 1265.

[5] *United States v. Carrigan*, 778 F.2d 1454, 1463 (10th Cir. 1985) (citations omitted).

[6] *Cf. United States v. Romero*, 360 F.3d 1248, 1251 (10th Cir. 2004).